IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SHEILA KIRK, )
)
      Plaintiff, )
)
v. ) No. CIV-14-50-RAW
)
STATE OF OKLAHOMA ex rel )
OKLAHOMA TOURISM AND )
RECREATION DEPARTMENT. ) Jury Trial Demanded
) Attorney Lien Claimed
      Defendant. )

## COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges and states as follows:

### PARTIES

1. The Plaintiff is Sheila Kirk, an adult resident of Latimer County, Oklahoma.

2. The Defendant is the State of Oklahoma operating as its division named as the Oklahoma Tourism and Recreation Department.

### JURISDICTION AND VENUE

3. Plaintiff asserts a claim of religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-2(a)(1), which makes unlawful discrimination against employees on the basis of religion. Jurisdiction over the federal claim is vested pursuant to 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a).

4. The wrongful acts claimed herein were taken in Latimer County, Oklahoma, which is located in the Eastern District of Oklahoma. Accordingly, venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

5. Plaintiff was employed by the Defendant in the position of Front Office Manager at Robbers Cave State Park from June 18, 2001 until July 10, 2013.

6. Plaintiff is a Jehovah's witness.

7. Part of Plaintiff's religious beliefs include attendance at the annual District Convention of Jehovah's Witness conference.

8. Plaintiff informed Merle Cox, supervisor, of her religious beliefs and was able to take time off work every year in order to attend this conference.

9. Around June 2013, Mr. Cox was promoted to a different position, making Mr. Aron Maib Plaintiff's new supervisor.

10. Mr. Cox advised Plaintiff that he had informed Mr. Maib of Plaintiff's religious beliefs, and assured her that he had advised Mr. Maib that Plaintiff's religious beliefs required time off for assembly, meetings, and the annual convention. Mr. Cox instructed Plaintiff to keep doing things the way Plaintiff always had, and everything would be fine.

11. In June 2013, Plaintiff requested time off on the schedule for the District Convention of Jehovah's Witnesses in Ft. Smith, Arkansas in the same manner Plaintiff had always requested time off in the past.

12. Plaintiff scheduled coverage for her duties while she would be away and placed the completed schedule on Mr. Maib's door more than a week in advance of the Conference.

13. On or about July 2, 2013, Plaintiff contacted Mr. Maib to remind him that Plaintiff would be off the next few days for Plaintiff's religious conference.

14. Mr. Maib did not contact Plaintiff regarding Plaintiff's request for time off or respond in any manner prior to Plaintiff's departure for the conference.

15. Plaintiff attended the District Convention of Jehovah's Witnesses on July 3, 2013 through July 8, 2013.

16. When Plaintiff returned to work on July 9, 2013, Mr. Maib came into Plaintiff's office and expressed dissatisfaction with Plaintiff's attendance at the conference.

17. On July 10, 2013, Plaintiff was terminated by Mr. Maib. Plaintiff asked for a reason

for termination, but Maib refused to give her one and said he didnt have to.

18. At the time of her termination, Plaintiff was performing her job duties in a satisfactory manner.

19. Discrimination based on religion, including the refusal to accommodate religious beliefs and retaliation for requesting an accommodation for those beliefs, is a violation of Title VII of the Civil Rights Act.

20. As the direct result of the acts above described, Plaintiff has suffered wage and benefit loss, past, present and future, physical injuries, and dignitary damages for which she is entitled to compensation.

21. Plaintiff filed her charge of discrimination with the EEOC on or about July 30, 2013. Plaintiff was issued her right-to-sue letter on or about November 18, 2013 and received thereafter. This suit is timely filed within ninety (90) days of the receipt of such permission to sue, and therefore the Plaintiff has exhausted and complied with all administrative prerequisites for filing this action.[1]

22. Plaintiff's present action is solely for discrimination and the failure to accommodate.

## PRAYER

Plaintiff prays that she be awarded all actual damages described above, as well as punitive damages, together with costs, pre- and post-judgment interest and attorney's fees.

---

[1] As a precautionary matter and to the extent that retaliation is not apparent in Plaintiff's original charge, Plaintiff filed an EEOC charge for retaliation around January 31, 2014 which is within 300 days of her termination. Plaintiff has not yet exhausted her administrative remedies for this charge, but Plaintiff intends to amend the complaint upon exhaustion of her administrative remedies.

**RESPECTFULLY SUBMITTED THIS 12th DAY OF FEBRUARY, 2014.**

                                s/ Christine E. Coleman
                                HAMMONS, GOWENS, HURST & ASSOC.
Mark Hammons, OBA # 3784
Christine E. Coleman, OBA #30527
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Fax:          (405) 235-6111
Mark@hammonslaw.com
Christine@hammonslaw.com
*ATTORNEYS FOR PLAINTIFF*

Jury Trial Demanded
Attorney Lien Claimed

-4-